JAMES B. MUNSON AND MARGARET C. MUNSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Munson v. Commissioner
Docket No. 3905-78.
United States Tax Court
T.C. Memo 1980-121; 1980 Tax Ct. Memo LEXIS 465; 40 T.C.M. (CCH) 173; T.C.M. (RIA) 80121; April 16, 1980, Filed James G. Howard, for the petitioners. Robert E. Dallman, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined the following deficiencies in petitioners' income taxes: Year
Amount
1975
$ 2,537.62
1976
2,397.49
The sole issue is whether the amounts paid for petitioner James B. Munson's air fare between Florida and Wisconsin during the winters of 1975 and 1976 by Munson, Inc. constituted constructive dividends to petitioners. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners James B. Munson and his wife Margaret C. Munson resided in Wisconsin when they filed their petition. Mrs. Munson is a petitioner solely because she filed a joint return with her husband, and when we refer to petitioner *466 herein we will be referring to Mr. Munson. During 1975 and 1976 petitifoner was president and chief executive officer of Munson, Inc. Petitioner owned 85 percent of the outstanding stock of Munson, Inc., Frank Armstrong, vice president of Munson, Inc., owned 9 percent, Mrs. Munson owned 3 percent, and certain unrelated employees of Munson, Inc. owned the remaining 3 percent. Munson, Inc.'s principal place of business in 1975 and 1976 was Glendale, Wisconsin. Glendale is a suburb of Milwaukee. Munson, Inc. was primarily engaged in the business of installing chain link fencing and blacktopping driveways in southeastern Wisconsin. Munson, Inc. completed most of its fencing and blacktopping contracts during the spring, summer and fall. During the witner months new contracts and bids were sought by Munson, Inc. for the ensuing construction season. During the spring, summer and fall petitioner and his wife lived in their home in Whitefish Bay, Wisconsin. Whitefish Bay is a suburb of Milwaukee. During the winter petitioner and his wife vacationed in Florida. Petitioner transacted no business in Florida. He did, however, keep in regular telephone contact with the employees *467 of Munson, Inc. in Wisconsin. Four times each winter in 1975 and 1976 petitioner flew from Florida to Wisconsin where he attended to the business of Munson, Inc. During these trips he personally reviewed the current status of the corporation with respect to inventory and equipment needs, personnel, bidding advertising, installations and estimating, and he made customer contacts. Each trip lasted two or three week days. While in Wisconsin petitioner stayed at his home in Whitefish Bay. Munson, Inc. paid for petitioner's round-trip airline tickets from Florida for each of the eight trips in issue here. Petitioner paid for his own initial ticket to Florida and his final return ticket back to Wisconsin at the end of his vacation. OPINION The issue for decision is whether petitioner received a constructive dividend in each of 1975 and 1976 when the corporation that petitioner controlled paid his air fare for eight round trips he made from Florida to Wisconsin. Respondent contends that these travel expenses were personal expenses in the nature of commuting expenses, and we agree. Petitioner's home is Whitefish Bay, Wisconsin. From his home he commutes to his job with Munson, *468 Inc. in Glendale, Wisconsin, during the spring, summer and fall. During the winter petitioner chooses to live in Florida. To the extent his is able, he conducts his business as chief executive officer of Munson, Inc. from Florida by telephone. But his job requires him to be in Glendale, Wisconsin, at least once a month to review the business operations of the company and to make important decisions for the company. Petitioner's travel from Florida to Glendale, Wisconsin, is commuting just as much as is his travel from his home in Whitefish Bay to Glendale. Petitioner's tax home is his place of business, in this case Glendale, Wisconsin. Kroll v. Commissioner, 49 T.C. 557, 561-62, 564-65 (1968). It was petitioner's personal choice rather than the corporation's choice that he and his family vacation in Florida during the winter months. Neither the corporation nor petitioner had any business in Florida. Consequently, petitioner was not away from home on business during the time he and his family vacationed in Florida. The cost of flying from Florida to Wisconsin to attend to the company's business, which cost was paid for by the company, was a commuting expense. *469 See Beckley v. Commissioner, 44 P-H Memo. T.C. par. 75,037. Commuting expenses are nondeductible personal expenses. Fausner v. Commissioner, 413 U.S. 838 (1973); Flowers v. Commissioner, 326 U.S. 465, 470 (1946); Section 1.162-2(e), Income Tax Regs. Munson, Inc.'s reimbursements of petitioner's commuting expenses constitute constructive dividends to petitioner in an amount equal to the price paid for the airline tickets.[1]Challenge Manufacturing Co. v. Commissioner, 37 T.C. 650, 663 (1962); Perrotto v. Commissioner, 46 P-H Memo. T.C. par. 77,099. Neither party contended that the reimbursements of petitioner's commuting expenses constituted additional compensation to petitioner and, therefore, we do not address that possibility. Decision will be entered under Rule 155. Footnotes
1. Petitioner has not shown that there were not earnings and profits available to Munson, Inc. out of which this constructive dividend could be paid.↩